UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, <br> CENTRAL LABORERS' WELFARE FUND (ACTIVES & RETIREES), <br> CENTRAL LABORERS' ANNUITY FUND, <br> NORTH CENTRAL ILLINOIS LABORERS' HEALTH AND WELFARE FUND ("NC Welfare"), <br> NORTHERN ILLINOIS LABORERS' ANNUITY FUND ("NI Annuity"), <br> ILLINOIS LABORERS AND CONTRACTORS JOINT APPRENTICESHIP & TRAINING TRUST FUND, <br> MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING ("MRFFC"), <br> CONSTRUCTION INDUSTRY ADVANCEMENT FUND, <br> NORTH CENTRAL LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST, <br> MARKET PROMOTION FUND, <br> MIDWEST REGION ORGANIZATION COMMITTEE, <br> GREAT PLAINS LABORERS' VACATION FUND, and the <br> GREAT PLAINS LABORERS' DISTRICT COUNCIL WORKING DUES CHECK OFF FUND <br><br> Plaintiffs, <br><br> v. <br><br> SIGNATURE DEMOLITION SERVICES INC., an Illinois corporation, <br><br> Defendant. | Case No. **20-C-1656** |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their attorneys, complain against Defendant SIGNATURE DEMOLITION SERVICES INC. as follows:

### COUNT I
against
SIGNATURE DEMOLITION SERVICES INC.
(*Claim under ERISA for an audit against SIGNATURE DEMOLITION SERVICES INC.*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. At all relevant times, SIGNATURE DEMOLITION SERVICES INC. was an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). SIGNATURE DEMOLITION SERVICES INC. is an "employer" and a "party-

in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. SIGNATURE DEMOLITION SERVICES INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*. SIGNATURE DEMOLITION SERVICES INC. has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), SIGNATURE DEMOLITION SERVICES INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8. SIGNATURE DEMOLITION SERVICES INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of such participation agreement(s) are attached as *Exhibit B*. SIGNATURE DEMOLITION SERVICES INC. has never terminated the participation agreement(s) and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), SIGNATURE DEMOLITION SERVICES INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10. SIGNATURE DEMOLITION SERVICES INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. SIGNATURE DEMOLITION SERVICES INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. SIGNATURE DEMOLITION SERVICES INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, SIGNATURE DEMOLITION SERVICES INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, SIGNATURE DEMOLITION SERVICES INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, SIGNATURE DEMOLITION SERVICES INC. is required to provide access to such records as are necessary for Plaintiff Funds to determine whether there has been compliance with obligations to contribute to Plaintiff Funds.

15. Upon information and belief, SIGNATURE DEMOLITION SERVICES INC. has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff

Funds pursuant to the terms of the collective bargaining agreement, participation agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16. SIGNATURE DEMOLITION SERVICES INC. has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

17. Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of SIGNATURE DEMOLITION SERVICES INC. for a period beginning June 1, 2016 through as current a date as possible.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against SIGNATURE DEMOLITION SERVICES INC. in favor of Plaintiffs.

B. Order SIGNATURE DEMOLITION SERVICES INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order SIGNATURE DEMOLITION SERVICES INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order SIGNATURE DEMOLITION SERVICES INC. to pay auditors' fees to Plaintiffs.

E. Order SIGNATURE DEMOLITION SERVICES INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

      F.      Order SIGNATURE DEMOLITION SERVICES INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

      G.      Grant Plaintiffs such other and further relief as may be just.

          Respectfully submitted,
          CENTRAL LABORERS' PENSION FUND, *et al*.

By:   /s/ *Richard A. Toth*
      One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL 60603-1903
(312) 726-8797